# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A., etc.,

      Plaintiff,      :      Case No. 3:07-cv-449

   -vs-                                Magistrate Judge Michael R. Merz

                             :

LaSALLE BANK NATIONAL
ASSOCIATION,

      Defendant.

---

## DECISION AND ORDER DENYING IN PART AND RESERVING IN PART DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S PURPORTED EXPERTS

---

This case is before the Court on Defendant LaSalle's Motion to Exclude the testimony of Plaintiff's Purported Experts (Doc. No. 120) which Plaintiff opposes (Doc. No. 124); LaSalle has filed a Response in Support (Doc. No. 137).

### Testimony of John D'Andrea

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Federal Rules of Evidence liberalized the admission of opinion testimony, relaxing the

traditional barriers to its admission. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 578, 588 (1993), quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988); *Bigley v. Mathews,* 544 F.2d 1345, 1353 (6th Cir. 1976).

> The wording of the rule reflects the now-standard inquiry set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993) . . . See *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250 n.4 (6th Cir.), cert. denied, 534 U.S. 822, 151 L. Ed. 2d 25 (2001). Therefore, we review this case under *Daubert*, which set forth a non-exclusive checklist of factors for trial courts to use in assessing the reliability of scientific expert testimony. These include 1) whether the expert's scientific technique or theory can be, or has been, tested; 2) whether the technique or theory has been subject to peer review and publication; 3) the known or potential rate of error of the technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) whether the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 592-95; *Hardyman v. Norfolk & W. Ry.,* 243 F.3d 255, 260 (6th Cir. 2001). If the evidence is deemed to be reliable and relevant, the judge must then determine if the probative value of the evidence is outweighed by its prejudicial effect. Daubert, 509 U.S. at 595.

*United States v. Beverly,* 369 F.3d 516 (6th Cir, 2004).

The gatekeeper language of *Daubert* is applicable to all expert testimony, regardless of whether it is "scientific" or not. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); *United States v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997); *see also United States v. Thomas*, 74 F.3d 676, 681 (6th Cir. 1996), and *Berry v. Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994)

In that light, the Court finds that specialized knowledge, albeit not scientific and not necessarily "technical," will assist the jury in this case in understanding the evidence. Although many of the jurors may be expected to be home owners who probably have personal experience with residential mortgages, it is apparent even from general reading that experienced authors may have

difficulty understanding the subject matter of this dispute[1]. That is to say, although experience with mortgages is widespread, experience with a securitization of commercial mortgages is unlikely to be within the ordinary experience of the jury.

Plaintiff, as the proponent of John D'Andrea's testimony, of course has the burden of showing its admissibility. *Best v. Lowe's Home Centers, Inc*., 2008 U.S. Dist. LEXIS 45175 (E.D. Tenn. June 5, 2008), rev'd on other grounds, *Best v. Lowe's Home Centers, Inc.,* 563 F.3d 171 (6th Cir. 2009). Having reviewed Dr. D'Andrea's report (Deposition Exhibit 231) and LaSalle's objections to it, the Court concludes that Wells Fargo has demonstrated Dr. D'Andrea has sufficient education, knowledge, and experience to make his testimony useful to the jury in this case. The asserted weaknesses in his background and experience can be adequately demonstrated by cross-examination.

LaSalle complains that the portions of D'Andrea's testimony adverted to in its Motion do not relate directly to the issues in this case. However, the references made in that Motion are not comprehensive; if not all of D'Andrea's experience is directly related, a great deal of it is. Conversely, LaSalle has not demonstrated its lack of relevance. For example, LaSalle has not shown in what way the financing or refinancing of small multifamily buildings is significantly different from the financing of larger multifamily buildings. LaSalle will, of course, have an opportunity to do that at trial, either in cross-examination or by its own presentation of testimony.

The Court does agree with LaSalle that D'Andrea's report provides little foundation for his testimony about "customary industry standards" for origination, servicing, and underwriting of commercial loans. Because that weakness was apparent on the fact of his report, LaSalle had an

---

[1]See, e.g., "Unreal Estate" by Tom Vanderbilt, The New York Times Book Review for July 5, 2009, at 5, reviewing Busted: Life Inside the Great Mortgage Meltdown by Edmund Andrews, an economics correspondent for The New York Times, and Our Lot: How Real Estate Came to Own Us, by Alyssa Katz.

opportunity to inquire at deposition. The Court would be disinclined to allow testimony on industry standards without more foundation and trial, but declines to exclude the witness on that basis in *in limine* practice. LaSalle may renew this objection at trial if an insufficient foundation is supplied at that time.

The Court is unpersuaded by LaSalle's analogy to the proposed testimony of Michelle McFaddin, J.D., which was excluded in *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273 (S. D. Ala. 2006). While D'Andrea's report is in some senses "advocatory," it contains a good deal of analysis well beyond mere advocacy and properly related to issues in the case. The trial of this case will necessarily involve analysis and explanation to the jury of the Pooling and Service Agreement and the Mortgage Loan Purchase Agreement and comparison of the facts elicited in discovery with the representations and warranties made in the MLPA.

Furthermore, the Court is unpersuaded by the argument that some of Dr. D'Andrea's opinions are "speculative." It appears to the Court that a good deal of what any expert would say about materiality would be related to what likely decisions prudent investors would have made with different information or under different circumstances. The testimony on probabilities is, as with any other testimony Dr. D'Andrea (or any other witness) gives, subject to contradiction and cross-examination. The Court does not find the proffered opinions speculative, however.

**Testimony of Roy Owen**

LaSalle seeks to exclude any expert testimony of Roy Owen because Wells Fargo failed to provide an expert report from him (LaSalle Motion, Doc. No. 120, at 17-19.) Wells Fargo admits that no expert report has been filed by Mr. Owen, but argues he is not required to do so because he is a "fact witness who has not been specially retained to serve as an expert witness in this case."

4

(Wells Fargo Memo Opp., Doc. No. 124, at 13.) Neither party has identified what opinion testimony Mr. Owen is expected to give, although LaSalle asserts it is opinion testimony not based on personal observation.

Fed. R. Civ. P. 26(a)(2)(B) requires that the disclosure of an expert witness be accompanied by a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The requirement for a report does not apply to an expert employed by a party whose duties do not regularly involve giving expert testimony. *Kal Kan v. Iams,* 197 F. Supp. 2d 1061 (S.d. Ohio 2002). The Advisory Committee Note on the 1993 amendment to this Rule is well known to exclude treating physicians as an example to testifying experts not required to prepare a report, but the Committee gave no others examples.

LaSalle relies on numerous cases interpreting the "treating physician" exception to the expert report requirement and limiting treating physicians to testimony based on their treatment. See *Mohney v. USA Hockey*, Inc., 138 Fed. Appx. 104, (6th Cir. 2005), citing *Harville v. Vanderbilt University, Inc.*, 95 Fed. Appx. 719 (6th Cir. 2003), and *Ridder v. City of Springfield,* 108 F.3d 1377 (6th Cir. 1997)(upholding the undersigned's limitation of treating physician testimony to what was observed in the course of diagnosis and treatment).

In *Fielden v. CSX Transp., Inc.,* 482 F.3d 866 (6th Cir. 2007), the court discussed at some length the treating physician exception and its purpose and scope. Considering *Fielden,* the Court believes it lacks sufficient information to determine whether Mr. Owen should have filed an expert report. To decide the question, the Court needs the following information:

1. On what subjects is Mr. Owen expected to offer opinion testimony?
2. To what extent are those opinions based on his personal observation as an employee of Crown NorthCorp?

3. Conversely, to what extent are those opinions based on observations and analysis he made in anticipation of or in support of this litigation?

4. What knowledge did LaSalle have before it deposed Mr. Owen of his intended opinion testimony?

5. What is the precise date of the end of Mr. Owen's employment by Crown NorthCorp? After that date, could it not properly be said he was "specially retained" for this litigation?

The parties are invited to consider these questions and to file, as promptly as possible, statements of their responses. The Court retains the motion to exclude Mr. Owen as an expert under advisement pending furnishing of this information.

July 7, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge