# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A.,

       Plaintiff,       :       Case No. 3:07-cv-449

   -vs-                                   Magistrate Judge Michael R. Merz

                               :

LaSALLE BANK NATIONAL
ASSOCIATION,

       Defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S FIRST MOTION *IN LIMINE* WITHOUT PREJUDICE TO RENEWAL OF PARTICULAR OBJECTIONS AT TRIAL

This case is before the Court on Plaintiff's Motion in Limine Regarding Topics and Evidence Encompassed by the Court's October 30, 2008, Order Entering Sanctions (Doc. No. 117). LaSalle opposes the Motion (Doc. No. 128) and Wells Fargo has filed a reply memorandum in support (Doc. No. 134).

Plaintiff's Motion seeks to particularize the evidence excludable under this Court's Order of October 30, 2008, which provided:

> Defendant is hereby prohibited from offering at trial evidence related to the positions on which it asserted, through Mr. Meleones, as [*sic*; should be "a"] lack of knowledge if that knowledge was available at the time of the deposition from sources inside the corporate Defendant or "reasonably available" to it or from arguing a contrary position at trial unless it has timely supplemented discovery by disclosing any information which contradicts or supplements the deposition.

(Decision and Order, Doc. no. 50, at 6.) Wells Fargo lists twenty-seven topics with cross-references to the James Meleones deposition transcript which it contends are covered by the Order (Motion,

1

Doc. No. 117, at 5-8.) It asks the Court to bar LaSalle "from offering any evidence whatsoever on each of the following topics, whether it be by live testimony, deposition testimony, documentary evidence, or argument." *Id*. at 5.

LaSalle responds that, under the October 30th Order, it is precluded from presenting evidence on the listed topics only if the information was reasonably available to LaSalle at the time of the Meleones deposition and it has not otherwise been provided to Wells Fargo (Memorandum in Opposition, Doc. No. 128, at 1-2. As regards topic 24, it asserts this was not within the scope of Wells Fargo's request for designation under Fed. R. Civ. P. 30(b)(6). LaSalle claims it supplemented the topics on which Meleones did not have information by providing documents and twenty-three fact witnesses. *Id.* at 4-7. It asserts Wells Fargo has mischaracterized some of the Meleones testimony, or the contents of some documents, or this Court's ruling. *Id.* at 7-10. It claims that information pertaining to the mindset of former LaSalle employees was not reasonably available to Meleones. *Id.* at 11-12. Finally, LaSalle complains that, when Wells Fargo had available for examination the former LaSalle employees with most information on these subjects, counsel failed in some instances to ask the questions. *Id.* at 12-13.

Wells Fargo rejoins that LaSalle is merely reiterating many of the arguments it made when it lost the motion which led to the October 30th Order. (Reply, Doc. No. 134, at 1.) It argues that supplementation by providing other documentation or witness testimony is not the same as the testimony of a 30(b)(6) witness because such a witness binds a corporate party. *Id.* at 2. Thus, Wells Fargo argues, it is insufficient that LaSalle provided additional information after the Meleones deposition. To come within the Order, it should have directly supplemented his deposition responses "as required by the Order." *Id.* Wells Fargo asserts the Court considered all the arguments LaSalle now makes and rejected them in deciding the Motion to Compel. *Id.* at 3-5.

Plaintiff overreads the October 30th Order. It does not provide LaSalle an escape from

preclusion only if it directly supplements Meleones' testimony. Instead, the Court provided there would be preclusion "unless it [LaSalle] has timely supplemented discovery by disclosing any information which contradicts or supplements the deposition." (Order, Doc. No. 50, at 6.) The Court did not purport to require that LaSalle cause Meleones to "correct" his former testimony when additional information was uncovered, but merely to disclose it by supplementing its document production or making witnesses available for deposition.

Plaintiff is of course correct that later witnesses not designated under Fed. R. Civ. P. 30(b)(6) did not bind LaSalle in the same way a corporate representative would. However, the Court believes this position overemphasizes one aspect of discovery at the expense of others. Given the value of the two loans at issue in this lawsuit, an extraordinary amount of discovery was conducted. Of course it is frustrating to a litigator to be unable to obtain desired binding corporate answers to questions, but the Court is unprepared to interpret its Order and enforce it beyond its own terms.

Accordingly, Plaintiff's first Motion in Limine is denied without prejudice to renewal at trial of objections based on the October 30th Order if testimony offered by a particular witness comes within the preclusion granted by that Order.

August 5, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge