# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A.,

       Plaintiff,      :      Case No. 3:07-cv-449

   -vs-      Magistrate Judge Michael R. Merz

      :

LaSALLE BANK NATIONAL
ASSOCIATION,

       Defendant.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S CONSOLIDATED MOTION *IN LIMINE*

This case is before the Court on Plaintiff's Consolidated Motion *in Limine* (Doc. No. 118). LaSalle opposes the Motion (Doc. No. 127) and Wells Fargo has filed a reply memorandum in support (Doc. No. 132). Wells Fargo seeks to exclude:

1. Defendant's purported lack of knowledge regarding the existence of any breaches of the representations at issue in this matter, including the existence of defaults under the loan documents for either of the two loans that are at issue.

2. Adverse market conditions and/or the real estate/mortgage market or economy as a defense to any of Defendant's alleged breaches of any of the representations at issue in this matter.

3. The amount of money and/or rate of return earned by the investors (certificateholders) in the securitization in which the two loans at issue in this case were securitized.

4. Any document not identified as a potential trial exhibit in the final pretrial order.

5. Expert opinions by any witness other than David Abshier.

6. Expert opinions in addition to or different from those expressed in Defendant's expert's report and testified to at the expert's deposition.

(Motion, Doc. No. 118, at 1.)

LaSalle responds that a motion in limine should not be granted to exclude evidence on the

1

first three prongs of Wells Fargo's Motion because such evidence may be admissible for some purposes other than those hypothesized by Wells Fargo. As to the last three prongs, it argues the Motion is moot or unnecessary.

Judge Frost of this Court has offered the following general statement of law regarding motions in limine which is instructive:

> Motions in limine are generally used to ensure expeditious and evenhanded management of trials by eliminating evidence that is clearly inadmissible for any purpose. See *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce*, 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400-01 (N.D.Ill.1993).

*Weimer v. Honda of America Mfg.*, 2008 WL 4332525 (S.D. Ohio, Sept. 17, 2008)(Frost, J.), quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846-47 (N .D. Ohio 2004)(Katz, J.). Thus instructed, the Court believes that the issues raised in Wells Fargo's Motion are largely best left to trial determination.

Wells Fargo is correct that lack of knowledge of breach is not a defense with respect to any of the remaining breach of warranty claims in this case, now that Representation and Warranty 22 has been eliminated from consideration (See Decision and Order on Summary Judgment Motions,

Doc. No. 178, at 23.) While the state of knowledge of LaSalle regarding conditions of the Priest and Rooths borrowers and properties may be admissible for the limited purpose of showing "background facts," LaSalle must be careful not to imply to the jury that its lack of knowledge is a defense. To avoid any such implication, the subject shall not be mentioned in opening statements. Beyond that, the extent to which LaSalle's knowledge may be admissible must await presentation at trial, particularly how broad a picture Wells Fargo attempts to paint.

The same is true on prongs two and three of Wells Fargo's Motion. Neither adverse market conditions nor the amount of money or rate of return earned by investors constitutes a defense by LaSalle and should also be avoided in opening statements. However, depending on the breadth of Wells Fargo's evidence, either of these two topics may be tangentially relevant to explain facts introduced by Wells Fargo. The complexity of the subject matter of this litigation makes attempting to decide these questions on motions *in limine* inadvisable.

As to prongs four, five, and six, events have somewhat outrun the Motion. Neither LaSalle nor Wells Fargo may introduce in evidence any document not identified in the Final Pretrial Order except for demonstrative exhibits yet to be exchanged and any additions to the exhibit list approved in advance by the Court. LaSalle is limited to expert testimony from David Abshier. The Court has previously dealt with the extent to which Mr. Abshier may opine (Decision and Order, Doc. No. 177). This Court has always followed the practice, and will continue to do so in this case, of prohibiting experts from offering "new" opinions at trial – opinions not properly disclosed in reports which have been subject to deposition examination.

August 6, 2009.                                              s/ **Michael R. Merz**
                                                                United States Magistrate Judge